Lawrence H. SUID, Plaintiff,

v.

NEWSWEEK MAGAZINE, Defendant.

Civ. A. No. 80–1100.

United States District Court,
District of Columbia.

Nov. 26, 1980.

Charles L. Gholz, Baker & McKenzie, Washington, D. C., for plaintiff.

John B. Kuhns, Kevin T. Baine, Stephen M. Kristovich, Williams & Connolly, Washington, D. C., for defendant.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter comes before the court on defendant's motion for summary judgment. For the reasons discussed below, the motion is granted.

### FACTS

Plaintiff Lawrence H. Suid is the author of a 357–page book published in June, 1978, entitled *Guts & Glory—Great American War Movies*. Defendant Newsweek, Inc. is the publisher of Newsweek Magazine. The July 25, 1979 edition of Newsweek contained a four–page article entitled "John Wayne: End As A Man." Plaintiff claims that the Newsweek article infringes his copyright in *Guts & Glory* and constitutes unfair competition as well as *prima facie* tort.

Plaintiff cites seven passages in the Newsweek story which closely resemble passages in his book:

1. The statement of an historical fact, which plaintiff admits is not protected by copyright;

2. A quotation from an unpublished letter written by John Wayne;

3. A quotation from the plaintiff's interview with Michael Wayne;

4. A quotation from an unpublished letter written by Jack Valenti;

5., 6. Two quotations from a book by Ron Kovics;

7. A quotation from the plaintiff's interview with William Wellman.

### DISCUSSION

■ It is elementary that "copyright does not preclude others from using the ideas or information revealed by the author's work," H.Rep.No. 94–1476, 94th Cong., 2d Sess. 56 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5659, 5670, it merely protects the author's original form of expressing ideas and information. *See generally Mazer v. Stein*, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954). Accordingly, "historical facts and events in themselves are not protected by copyright," *Gardner v. Nizer*, 391 F.Supp. 940, 942 (S.D. N.Y.1975), and the first passage in the Newsweek article at issue in this case does not violate the copyright laws.

■ Plaintiff does not claim that he has a copyright interest in the quotations taken from Kovic's book, but contends that his selection and arrangement of quotations from that book are protected under 17 U.S.C. § 103(b) as a derivative work. Although selection or arrangement may in itself be protected against appropriation under copyright principles, here the defendant merely republished the two passages in Kovic's book which referred to John Wayne. That plaintiff had previously quoted the same two passages does not give him the right to preclude others from using the same two passages.

■ Plaintiff next claims that his selection of quotations from unpublished letters of John Wayne and Jack Valenti is entitled to copyright protection. He does not claim a copyright in the letters themselves, and acknowledges that anyone is free to use the same original source he used. He claims, however, that a copier is not free to copy

directly from the derivative work (plaintiff's book). Plaintiff cites a line of cases for this proposition which rest on the notion that one should not freely reap the benefit of the industry of another in reporting and researching facts or other public domain material. *See Toksvig v. Bruce Publishing Co.*, 181 F.2d 664 (7th Cir. 1950) and *Miller v. Universal City Studios, Inc.*, 460 F.Supp. 984 (S.D.Fla.1978), *appeal pending.* Nimmer and other commentators have sharply criticized these cases, and the Second Circuit has explicitly repudiated them. *See Hoehling v. Universal Studios, Inc.*, 618 F.2d 972, 979 (2d Cir. 1980), 1 *Nimmer on Copyright* § 2.11[E], § 3.04 at 3–16; Gorman, Copyright Protection for the Collection and Representation of Facts, 76 *Harv. L.Rev.* 1569, 1584 (1963). The principal reason research such as plaintiff's should not be given copyright protection is that it does not meet the standard of originality required by copyright law. *See* 17 U.S.C. § 102 (copyright protection subsists in original works of authorship). Moreover, § 102(b) of the Copyright Act specifically provides that "In no case does copyright protection for an original work of authorship ... extend to any discovery ..." This implies that Congress did not intend to preclude authors from saving time and effort by relying on previously published works. Although the court sympathizes with plaintiff's point that the commercial value of the work of an oral historian depends on the enforceability of the copyright in his work, the copyright statute does not permit the extension of protection which plaintiff seeks.

■ The third and seventh passages at issue are quotations from interviews conducted by the plaintiff. The author of a factual work may not, without an assignment of copyright, claim copyright in statements made by others and reported in the work since the author may not claim originality as to those statements. *See Rokeach v. Avco Embassy Pictures Corp.*, 197 U.S. P.Q. 155, 161 (S.D.N.Y.1978); 1 *Nimmer on Copyright* § 2.11[B] at 2–159. Plaintiff points out that in the case of the Michael Wayne quotation, he secured a release for

publication which contemplated that he would determine what portions of the interview were to be published. However, this release cannot be equated with a copyright interest.

■ With respect to the Wellman quotation, plaintiff obtained written assignments from Wellman's heirs of whatever copyright interest they might have in the text of the interview. Thus plaintiff claims to be the owner of the sum total of any copyright interest in that interview. However, Newsweek's use of the 16–word Wellman quotation does not constitute copyright infringement for two reasons. First, Wellman's copyright interest was not registered prior to the institution of this suit, as required by 17 U.S.C. § 411. Second, Newsweek's use of the quotation was a fair use. Applying the factors of 17 U.S.C. § 107 to this quotation, it is clear that the copyrighted work, consisting of Wellman's interview comments, was never intended to have any commercial or market value. The transcript of the interview notes that Wellman's estate "gives persmission to deposit this transcript in the special collections library of Georgetown University to be available for future scholars." Even if there were a potential market for the Wellman interview, the single quotation used by Newsweek is an insubstantial amount of the entire interview.

■ The court is well aware that by analyzing individually each passage about which plaintiff has complained, it runs the risk of overlooking wholesale appropriation of the plaintiff's expression. A verbatim reproduction or close paraphrasing of even a historical or factual work constitutes copyright infringement. *See, e. g., H.C. Wainwright & Co. v. Wall St. Transcript Corp.*, 558 F.2d 91 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978); 1 *Nimmer on Copyright* § 2.11[B] at 2–158. However, there was not sufficient copying or paraphrasing in this case to constitute wholesale appropriation. The material copied amounts to a very small part of plaintiff's book, even if the

basis for comparison is the two chapters in the book on John Wayne rather than the entire book.

■ Plaintiff claims that Newsweek's use of material from his book constitutes unfair competition and *prima facie* tort at common law. However, these claims are preempted by the Copyright Act of 1976. Section 301 of the Act provides that state law claims are preempted if two conditions are met. First, the claims must relate to works of authorship which come within the subject matter of copyright as specified by sections 102 and 103. 17 U.S.C. § 301(a). As plaintiff concedes, his book is clearly a literary work within the subject matter of copyright. Second, the common–law claim must assert "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106." 17 U.S.C. § 301(a). One of those exclusive rights is the right to reproduce the copyrighted work, which is the right asserted by the plaintiff. 17 U.S.C. § 106(1).

More specifically, plaintiff alleges that Newsweek copied from his book without giving him proper attribution and that failure to do so damaged him monetarily. Plaintiff says that failure to attribute constitutes an additional element, separate from the act of reproduction and outside the general scope of copyright, and therefore there is no preemption. *See* 1 *Nimmer on Copyright* § 1.01(B) at 1–11. This argument must fail because plaintiff does not cite, and this court has been unable to locate, any case recognizing a common–law action for failure to attribute or misappropriation without attribution. Certainly a non–existent doctrine cannot supply the additional element needed to save a common–law action from preemption.

In addition, this court is persuaded by Judge Kaufman's reasoning in *Hoehling v. University City Studios, Inc., supra* at 980:

> Where, as here, historical facts, themes, and research have been deliberately exempted from the scope of copyright protection to vindicate the overriding goal of encouraging contributions to recorded

knowledge, the states are pre–empted from removing such material from the public domain. *See, e. g., Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964); *Compco Corp. v. Day–Brite Lighting, Inc.*, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964). 'To forbid copying' in this case, 'would interfere with the federal policy . . . of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain.' *Id.* at 237, 84 S.Ct. at 781.

## JUDGMENT

For the reasons set forth in the accompanying Opinion, the court having considered all the arguments in the briefs and the affidavits of the parties, it is, by the court, this 26th day of November, 1980,

ORDERED, ADJUDGED and DECREED that the defendant's motion for summary judgment should be, and the same hereby is, granted.