**ISC—BUNKER RAMO CORPORATION, Plaintiff,**

v.

**ALTECH, INC., Defendant.**

**No. 89 C 8736.**

United States District Court, N.D. Illinois, E.D.

June 19, 1990.

Bruce S. Sperling, Eugene J. Frett, Mitchell H. Macknin, Sperling, Slater & Spitz, Chicago, Ill., Steven G. Lisa, Lisa &

Lisa, Barry W. Sufrin, John T. Gabrielides, Hosier & Sufrin, Ltd., Phoenix, Ariz., for plaintiff.

Thomas E. Dorn, Edward M. Keating, Vangelis Economou, Kinzer Plyer Dorn McEachran & Jambor, Chicago, Ill., Mary Ann Weems, Sestric, Korum & Weems, Clayton, Mo., Robert J. Crawford, Ronald B. Coolley, Arnold, White & Durkee, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Plaintiff is engaged in the business of designing and selling computer systems for use in financial institutions, and has its principal place of business in the state of Washington. Defendant services computer equipment and purchases and sells used computer equipment. Its principal place of business is located in St. Louis, Missouri. Defendant, however, is also actively soliciting business in this district. On November 27, 1989, plaintiff filed a diversity complaint charging defendant and its individual owners with violating plaintiff's common law trade secrets. Defendants filed a motion to dismiss for lack of personal jurisdiction and to dismiss or transfer for improper venue. In response plaintiff dismissed the suit and filed an amended complaint on March 8, 1990, dropping the individual defendants but leaving the corporate defendant, and adding counts for copyright infringement. The copyrights which formed the basis for these added counts were registered effective January 3, 1990. Defendant has moved to dismiss Counts I and II of the complaint, the copyright counts, and also to transfer venue pursuant to 28 U.S.C. § 1404(a). For the following reasons, both motions are denied.

■ Defendant moves to dismiss Counts I and II of the amended complaint, which are the copyright counts. Defendant's motion is based on 17 U.S.C. § 411(a), which states that a copyright infringement action may not be brought until the copyright has been registered. At the time plaintiff filed its amended complaint, however, the copyrights *were* registered. Faced with this problem, defendant advances the novel theory that, because the copyrights were not registered at the time plaintiff filed its *original* complaint, the amended complaint "relates back" to this original complaint and must be dismissed under 17 U.S.C. § 411(a). Defendant contends that plaintiff could not file an amended complaint, but that its only procedural course was to file a supplemental complaint, which requires leave of court. Fed.R.Civ.P. 15(d).

We are not sure the relation back doctrine of Federal Rule of Civil Procedure 15(c) is even relevant here, given that the rule is clearly designed to deal with statute of limitation problems. *See Wilson v. Westinghouse Electric Corp.*, 838 F.2d 286 (8th Cir.1988). In any event, application of the doctrine here would lead to an unjust and illogical result. First of all, the copyright counts were not even part of the original complaint. Secondly, the relation back doctrine, which exists to preserve claims, should not be applied hypertechnically to defeat them. *See Id.* at 290. Defendant's motion to dismiss counts I and II of the amended complaint must be denied.

■ Defendant also moves to transfer venue pursuant to 28 U.S.C. § 1404(a). To justify a transfer under § 1404(a), a defendant must meet the burden of demonstrating that "the balance of interest weighs strongly in favor of proceeding in the proposed transferee district." *Heller Financial, Inc. v. Nutra Food, Inc.*, 655 F.Supp. 1432, 1433 (N.D.Ill.1987). Defendant has referred to absolutely no evidence, whether in the form of affidavits or other evidence, which suggests that this forum is inconvenient. Defendant relies instead upon unsupported generalizations and accusations in its memoranda. Defendant's excuse for this failure to even attempt to meet its burden is that plaintiff has much more money than it does, and is harassing it. Plaintiff, on the other hand, did not have the burden of proof on this issue but has nonetheless probably sufficiently demonstrated that this forum *is* convenient. Plaintiff refers to a great deal of actual evidence demonstrating that defendant solicits and is planning to do a great deal of

business in this district. Most notably, plaintiff has shown that defendant has submitted written proposals to thirteen major financial institutions located in this district.

Finally, defendant argues that transfer is appropriate when it is shown that a plaintiff's choice of forum is made to harass the defendant and where the plaintiff offers no specific reasons of convenience for its choice of forum. While we might accept this proposition, the above discussion makes it clear that neither of these conditions is satisfied in this case. Defendant's motions to dismiss Counts I and II of the amended complaint and to transfer venue pursuant to § 1404(a) are denied.