**INTERNATIONAL KITCHEN EX-
HAUST CLEANING ASSOCI-
ATION, Plaintiff,**

v.

**POWER WASHERS OF NORTH
AMERICA, Defendant.**

No. CIV.A. 99–00675 (HHK).

United States District Court,
District of Columbia.

Jan. 11, 2000.

Frank M. Northam, David P. Goch,
Webster, Chamberlain & Bean, Washing-
ton, DC, for Plaintiff.

Susan Neuberger Weller, Roylance,
Abrams, Berdo & Goodman, LLP, Wash-
ington, DC, for Defendant.

**MEMORANDUM OPINION
AND ORDER**

KENNEDY, District Judge.

Plaintiff, International Kitchen Exhaust
Cleaning Association ("Kitchen Exhaust"),
is a nonprofit corporation that promotes
fire safety in restaurants and professional-
ism in the kitchen-exhaust-cleaning indus-
try. Defendant, Power Washers of North
America ("Power Washers"), also a non-
profit corporation, advances the interests
of the power-washing industry. Kitchen
Exhaust alleges that Power Washers is
liable to it for copyright infringement and
unfair competition because Power Washers
copied and used certain certification-pro-
gram materials, particularly test questions,
that had been created by Kitchen Ex-
haust's agent. Kitchen Exhaust seeks
multiple remedies, including punitive dam-
ages and injunctive relief.

Before the court is Power Washers' mo-
tion to dismiss Kitchen Exhaust's amended
complaint. Power Washers argues that (1)
Kitchen Exhaust failed to register its
copyright before filing suit as allegedly
required by the Copyright Act, (2) the
Copyright Act preempts Kitchen Ex-
haust's unfair-competition claim, and (3)
Kitchen Exhaust has no "claim" for puni-
tive damages as a matter of law. Having
considered Power Washers' motion, Kitch-
en Exhaust's opposition thereto, and the
record of this case, the court concludes
that Kitchen Exhaust's attempts at regis-
tration before filing suit were adequate
under the Copyright Act and that Kitchen
Exhaust's unfair-competition claim is
preempted. The court further construes
Kitchen Exhaust's punitive damages

"claim" as a remedy and denies Power Washers's challenge to it at this time.

## I. FACTUAL BACKGROUND

The following facts are gleaned from Kitchen Exhaust's amended complaint.[1] Both parties are nonprofit industry associations of sorts. Kitchen Exhaust aspires to promote fire safety in restaurants and professionalism in the kitchen-exhaust-cleaning industry, while Power Washers does its best to advance the interests of the power-washing industry.[2]

Though both parties share an interest in clean kitchen exhausts, Kitchen Exhaust apparently first created a certification program and related testing materials on the subject. In September 1995, Kitchen Exhaust entered an agreement with Ackland Andrews & Associates ("Ackland") whereby Ackland was to create 400 test questions for Kitchen Exhaust's certification program.[3] The agreement specifies that Ackland's work product is a "work for hire." [4]

It is unclear when Kitchen Exhaust first employed and sold its certification-program materials and the questions Ackland created. Whatever the date, the materials have carried copyright notices since 1995.[5]

On November 23, 1998, Kitchen Exhaust was informed that Power Washers had published on its web site verbatim excerpts from Kitchen Exhaust's certification-program materials.[6] Kitchen Exhaust alleges that Power Washers contracted with Ackland to create a certification program and Ackland passed on the questions it had created for Kitchen Exhaust.[7] That same day, Kitchen Exhaust sent separate letters to Power Washers and Ackland concerning this alleged infringement.[8]

Kitchen Exhaust filed a copyright-registration form on November 25, 1998, with the U.S. Copyright Office.[9]

On December 2, 1998, Power Washers responded to Kitchen Exhaust's letter and agreed to eliminate references to Kitchen Exhaust's materials.[10] Notwithstanding this representation, Kitchen Exhaust claims that Power Washers subsequently administered certification exams by employing materials identical to Kitchen Exhaust's proprietary materials.[11] Kitchen Exhaust filed this suit on March 19, 1999.

## II. ANALYSIS

### A. Copyright Registration

Power Washers argues that Kitchen Exhaust's failure to obtain certification from

---

1. A motion to dismiss is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (holding that a complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). The court should construe the complaint in a light most favorable to the Kitchen Exhaust and accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *See Schuler v. United States,* 617 F.2d 605, 608 (D.C.Cir.1979) (quoting *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969)) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged"). In evaluating a Rule 12(b)(6) motion to dismiss, the court should generally consider only those facts alleged in the complaint, any documents either attached to or incorpo-

rated in the complaint, and matters of which the court may take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C.Cir.1997).

2. Compl. ¶¶ 4,5.

3. *Id.* ¶ 6.

4. *Id.*

5. *Id.* ¶ 7.

6. *Id.* ¶ 8.

7. *Id.* ¶ 9.

8. *Id.* ¶¶ 10, 11.

9. *Id.* ¶ 12.

10. *Id.* ¶ 13; *see also* Att. E to Compl.

11. *Id.* ¶¶ 16–17.

the Copyright Office before filing suit precludes this action and strips the court of jurisdiction. Kitchen Exhaust rejoins that it is sufficient to demonstrate receipt of the registration application by the Copyright Office (along with proof of payment and deposit of the work) and that, regardless, registration need only be completed prior to the time the court considers the matter.

The Copyright Act states that "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title."[12] The Act sets the effective date of copyright registration as "the day on which an application, deposit, and fee ... have all been received in the Copyright Office."[13] However, the Act does not explicitly establish whether this "effective date" is indeed effective upon filing or only once the filer has the copyright certification (or denial) in hand.

This is a question of first impression in this circuit.[14] Courts in other circuits have come out differently on this issue. Some have held that the plaintiff must have a registration certificate in hand before filing suit,[15] while others have held that a plaintiff may sue once the Copyright Office receives the plaintiff's application, work, and filing fee.[16] The latter view is endorsed by the late Melville Nimmer.[17]

To best effectuate the interests of justice and promote judicial economy, the court endorses the position that a plaintiff may sue once the Copyright Office receives the plaintiff's application, work, and filing fee. Thus, if Kitchen Exhaust indeed filed its copyright application, deposited its work, and paid the appropriate fee before filing suit, the court shall hear its claims on the merits rather than dismiss them and require the refiling of the complaint.

However, Kitchen Exhaust has alleged in its amended complaint that it "filed a copyright registration form" before commencing the instant action.[18] This does not, of course, state whether Kitchen Exhaust deposited its certification-program materials and paid the appropriate filing fee.[19] At least one other court has permitted the plaintiff to amend its complaint to demonstrate proper registration.[20] The court shall do the same here. Assuming that Kitchen Exhaust is able to timely amend its complaint, the court denies Power Washers' motion to dismiss for untimely copyright registration.

## B. Copyright Preemption

Power Washers argues that Kitchen Exhaust's unfair-competition claim is preempted by the Copyright Act because Kitchen Exhaust seeks identical relief

---

12. 17 U.S.C. § 411(a) (West 1996).

13. 17 U.S.C. § 410(d) (West 1996).

14. Other cases from this circuit have stated that registration is a "prerequisite" to suit, but these courts did not have occasion to actually discuss and rule upon the issue squarely before the court here. *See Berman v. DePetrillo*, 1997 WL 148638, *3 n. 3 (D.D.C. 1997); *Shamsedin v. Franklin–Trout*, 1988 WL 135104, *1 (D.D.C.1988).

15. *See, e.g., M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488–89 (11th Cir.1990); *Demetriades v. Kaufmann*, 680 F.Supp. 658, 660 (S.D.N.Y.1988); *Noble v. Town Sports Int'l Inc.*, 46 U.S.P.Q.2d 1382, 1383–84 (S.D.N.Y.1998).

16. *See, e.g., Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386–87 (5th Cir.1984);

*Sebastian Int'l, Inc. v. Consumer Contact Ltd.*, 664 F.Supp. 909, 912 (D.N.J.1987), *vacated on other grounds*, 847 F.2d 1093 (3rd Cir. 1988).

17. 2 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a] (1999).

18. *See* Compl. ¶ 12.

19. Kitchen Exhaust has attached documents to its opposition memorandum that purport to prove this. As explained *supra*, the court has not considered materials outside the complaint.

20. *See, e.g., ISC–Bunker Ramo Corp. v. Altech, Inc.*, 765 F.Supp. 1308, 1309 (N.D.Ill.1990).

from its copyright and unfair-competition claims. Kitchen Exhaust does not respond substantively but cryptically claims that Power Washers has not proven preemption.[21]

The Copyright Act preempts a state-law claim if two conditions are met: (1) the subject matter protected by the state-law claim "come[s] within the subject matter of copyright as specified by section 102 and 103" of the Act; (2) the state-law claim governs a "legal or equitable right[ ] that [is] equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106."[22]

The parties do not dispute that the first condition is met here. Any contrary argument would be in vain, as there is no doubt that Kitchen Exhaust's certification-program materials fall within the ambit of the Copyright Act.

The second preemption condition is also met. Section 106 of the Copyright Act protects (and preempts) the rights to: (1) reproduce the work; (2) prepare derivative works; (3) distribute copies to the public via sale or other ownership transfer or by rental, lease, or lending; and (4) publicly display the work.[23] Kitchen Exhaust has identified two distinct types of harm in its unfair-competition claim. First, it claims that Power Washers "has been publishing, distributing, selling and otherwise marketing" infringing products.[24] Second, Kitchen Exhaust argues that Power Washers has "passed off its infringing program and materials as being its own without giving credit to [p]laintiff."[25]

To gauge Kitchen Exhaust's unfair-competition claim, the court applies the "extra element" test. This circuit has not considered the applicability of this test, but this district has recently applied it.[26] In addition, a number of other circuits employ the test.[27] To survive preemption, Kitchen Exhaust's unfair-competition claim must qualitatively require at least one element in addition to those needed to make out a Copyright Act claim. If Kitchen Exhaust's claim cannot meet this scrutiny (i.e., it requires merely the same showing as a Copyright Act claim), it is preempted.

Kitchen Exhaust's first claimed wrong—that Power Washers unlawfully published, distributed, sold, and marketed Kitchen Exhaust's protected materials—is, of course, explicitly within the coverage of section 106 of the Copyright Act and is preempted. Kitchen Exhaust's second claimed wrong merits further discussion.

Kitchen Exhaust's claim that Power Washers is "passing off" Kitchen Exhaust's copyrighted material as Power Washers's own is termed "reverse passing-off."[28] Kitchen Exhaust's claim is distinct from "passing off," as occurs when an infringer sells its own product and claims it

---

21. The court notes that Kitchen Exhaust has not identified the specific unfair-competition law under which it seeks relief. The court assumes that Kitchen Exhaust seeks relief under District of Columbia law. D.C.Code § 28–3904(a) prohibits any person from "represent[ing] that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have." Kitchen Exhaust's claim that Power Washers plagiarized Kitchen Exhaust's certification-program materials without acknowledging Kitchen Exhaust's ownership fits here.

22. 17 U.S.C. § 301(a) (West 1996).

23. See 17 U.S.C. § 106 (West 1996).

24. Compl. ¶ 32.

25. *Id.*

26. *See Whitehead v. Paramount Pictures Corp.,* 53 F.Supp.2d 38, 53 (D.D.C.1999).

27. *See, e.g., Alcatel USA, Inc. v. DGI Technologies, Inc.,* 166 F.3d 772, 787 (5th Cir.1999); *National Basketball Ass'n v. Motorola, Inc.,* 105 F.3d 841, 850 (2d Cir.1997); *Data General v. Grumman Systems Support,* 36 F.3d 1147, 1164 (1st Cir.1994); *Trandes Corp. v. Guy F. Atkinson Co.,* 996 F.2d 655, 659 (4th Cir.1993). *See also* 1 Nimmer, supra, § 1.01[B][1] at 1–13.

28. *See Web Printing Controls Co. v. Oxy–Dry Corp.,* 906 F.2d 1202, 1203 n. 1 (7th Cir.1990) (citation omitted).

is another's (typically the plaintiff's).[29] Nimmer explains these two distinct claims—and their interplay with the Copyright Act—well:

> If A claims that B is selling B's products and representing to the public that they are A's, that is passing off. If, by contrast, B is selling B's products and representing to the public that they are B's, that is not passing off. A claim that the latter activity is actionable because B's product replicates A's, even if denominated "passing off," is in fact a disguised copyright infringement claim, and hence pre-empted.[30]

Kitchen Exhaust basically seeks protection for Power Washers's failure to attribute Kitchen Exhaust's ownership of the certification-program materials Power Washers allegedly copied. This district has held before that such a "failure to attribute" is alone insufficient for a state-law claim to avoid Copyright Act preemption.[31] Taken together with Nimmer's suggestion above, the court finds that Kitchen Exhaust's "reverse passing off" claim is also preempted. Hence Kitchen Exhaust's unfair-competition claim is preempted in its entirety by the Copyright Act.

## C. Punitive Damages

Power Washers moves to dismiss Kitchen Exhaust's third claim, styled "punitive damages." Power Washers argues that Kitchen Exhaust mispleaded a remedy as a free-standing cause of action and further, under the Copyright Act, punitive damages are unavailable. Kitchen Exhaust rejoins that, if this is not a free-standing cause of action, it should not be dismissed because it is a technical and not substantive error.

■ Power Washers is correct: punitive damages is a remedy and not a freestand-

ing cause of action and should be dismissed. The court, however, declines to rule on whether Kitchen Exhaust may recover punitive damages as a remedy at this stage of this litigation. This issue is properly considered at a later time in the proceedings.

## III. CONCLUSION

Assuming that Kitchen Exhaust is able to timely amend its complaint to assert that it deposited its work with the Copyright Office and paid the appropriate fee before filing this suit, the court denies Power Washers's motion to dismiss Kitchen Exhaust's copyright-infringement claim. Because Kitchen Exhaust's unfair-competition claim seeks damages for "reverse passing off," the court finds it preempted by the Copyright Act. Finally, the court shall dismiss Kitchen Exhaust's punitive damages "claim" as improperly pleaded, but reserves judgment on the availability of punitive damages as a remedy to Kitchen Exhaust's copyright claim.

Accordingly, it is, this 11th day of January 2000, hereby

**ORDERED** that Power Washers's motion to dismiss Kitchen Exhaust's unfair-competition claim is **GRANTED**; and it is further

**ORDERED** that Power Washers's motion to dismiss Kitchen Exhaust's punitive damages "claim" is **GRANTED**; and it is further

**ORDERED** that Power Washers's motion to dismiss Kitchen Exhaust's copyright-infringement claim is **DENIED**; and it is further

**ORDERED** that Kitchen Exhaust is granted until January 25, 2000, to amend its amended complaint.

---

**29.** *See id.*

**30.** 1 Nimmer, *supra,* § 1.01[B][1][e] at 1–26.1.

**31.** *See Peckarsky v. American Broadcasting Co., Inc.,* 603 F.Supp. 688, 695–96 (D.D.C. 1984) (citing *Suid v. Newsweek Magazine,* 503 F.Supp. 146, 149 (D.D.C.1980)).