Steven W. GERIG, Plaintiff,

v.

KRAUSE PUBLICATIONS, INC.,
a Wisconsin corporation,
Defendant.

No. 98–1043–JTM.

United States District Court,
D. Kansas.

Jan. 12, 1999.

Robert W. Coykendall, Susan R. Schrag, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, KS, for plaintiff.

Jack Focht, Foulston & Siefkin L.L.P., Wichita, KS, Andrew Jackson Gray, IV, Simor L. Moskowitz, Jacobson, Price, Holman & Stern, PLLC, Washington, DC, for defendant.

### MEMORANDUM AND ORDER

MARTEN, District Judge.

Steven W. Gerig sued Krause Publications, Inc. charging Krause with infringing Gerig's copyright in approximately 70 photographs. Gerig seeks damages sustained as a result of Krause's alleged violation of Gerig's copyrights, including statutory damages under 17 U.S.C. § 504 and attorney's fees. Gerig also brings a state claim for breach of contract. Krause moves to dismiss the claims on the grounds that the court lacks subject matter jurisdiction. In the alternative, Krause moves to strike and/or dismiss claims for statutory damages and attorney's fees.

The court has reviewed the parties' submissions and finds it unnecessary to hold a hearing on Krause's motion to dismiss; therefore, Gerig's motion for a hearing on Krause's motion to dismiss is denied.

### I. Motion to Dismiss Standard

In its motion to dismiss, Krause challenges the factual basis for jurisdiction; the resolution of this question is tied closely to the merits of the case. In this situation, and because the parties have submitted affidavits and other materials outside the pleadings, the court converts the motion to dismiss to a Rule 56 motion for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The non-moving party's evidence is to be believed; all justifiable inferences are to be drawn in its favor; and its nonconclusory version of any disputed facts are assumed to be correct. *Multistate Legal Studies, Inc. v. Harcourt Brace Jovanovich Legal and Professional Publ., Inc.*, 63 F.3d 1540, 1545 (10th Cir.1995), *cert. denied*, 516 U.S. 1044, 116 S.Ct. 702, 133 L.Ed.2d 659 (1996).

### II. Facts

Collector's Mart Magazine (the "Magazine") hired Gerig on approximately 15 different occasions from 1990–1995 to take photographs, some of which they used in various issues of the Magazine. The Magazine paid Gerig an assignment fee for all of the photographs taken on each occasion. In November 1997, the Magazine's predecessor in interest, Krause Publications, published a book entitled *Decorating With Collectibles* (the "Book"), which included approximately 70 of Gerig's photographs taken in the magazine sessions. Three of the photographs (Image Reference # 40, # 53, and # 60) had never

appeared in the Magazine, but were published for the first time in the Book.

Gerig alleges Krause not only reproduced these images in the Book without his permission, but with knowledge of and in disregard of his copyright. Gerig seeks damages sustained as a result of Krause's violation of Gerig's copyright, including statutory damages and attorney's fees under 17 U.S.C. §§ 504 and 505.

Gerig, in a surreply to the motion to dismiss, has produced one registration certificate from the U.S. Copyright Office for the work entitled "Collectibles # 1," which lists the effective date of registration as December 2, 1997. Gerig stated in an affidavit filed with his surreply brief that the photograph covered by the certificate is one of those which is the subject of the lawsuit, but does not specify the corresponding Image Reference number of that work.[1]

Gerig also claims registration certificates are pending for the rest of the works, which is the subject of this lawsuit, but the only evidence Gerig has produced to support this is canceled checks and Federal Express Tracking reports. Gerig has not produced copies of the actual registration applications.

### III. Analysis

Krause argues that the motion to dismiss should be granted because (1) the court does not have subject matter jurisdiction over the claims; and (2) Gerig's infringement claim does not arise under the Copyright Act.

At the time he filed this action, Gerig had not received copyright registration certificates for any of the photos. 17 U.S.C. § 411(a) states:

> [N]o action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if no-

tice thereof, with a copy of the complaint, is served on the Register of Copyrights.

While the plain language of the statute appears to require registration of a copyright or refusal of a properly submitted registration packet before filing a copyright infringement action, courts have reached different conclusions on that issue. For example, the Eleventh Circuit, the U.S. Claims Court, and district courts in other circuits hold the statutory language clearly requires the receipt of an actual registration certificate or a denial of the same as a jurisdictional prerequisite to instituting an action for copyright infringement. *See, e.g., M.G.B. Homes v. Ameron Homes,* 903 F.2d 1486, 1488–89 (11th Cir. 1990) (Trial court properly dismissed the entire claim without prejudice to file a new complaint once the copyright registration was obtained.); *Boyle v. Stephens, Inc.,* No. 97Civ.1351 (SAS), 1997 WL 529006, at *3 (S.D.N.Y. Aug.26, 1997) (finding no viable copyright infringement claim for plaintiff whose registration was pending, but not yet completed); *Dielsi v. Falk,* 916 F.Supp. 985, 994 (C.D.Cal.1996) (dismissing plaintiff's infringement claims without prejudice—"Plaintiff's failure to plead that he has applied for a copyright registration deprives this court of subject matter jurisdiction over his copyright claim."); *International Trade Management v. United States,* 553 F.Supp. 402, 403 (Cl.Ct. 1982) (dismissing the action until the Copyright Office permitted or denied plaintiff's copyright).

However, the Fifth and Third Circuits, as well as district courts in other circuits, have found subject matter jurisdiction exists when plaintiffs have initiated the process of obtaining registration certificates. In *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384 (5th Cir.1984), the Fifth Circuit allowed the plaintiffs to maintain an action for copyright infringement, although they had not received an actual registration certificate or a registration refusal from the Copyright Office. *Id.* at 386–87. The court held that plaintiffs' showing of payment of the required fee, depositing the work, and the Copyright Office's

---

1. The effective date of registration of the certificate along with Gerig's affidavit testifying to when he submitted the images to the Copyright office leads to the conclusion that the image "Collectibles # 1" is either Image Reference # 40 or # 53.

receipt of the application was sufficient to maintain an action for copyright infringement. *Id.* The Third Circuit has taken a similar position. *Sebastian Intern., Inc. v. Consumer Contact Ltd.,* 664 F.Supp. 909, 912 (D.N.J.1987), vacated on other grounds, 847 F.2d 1093 (3d Cir.1988). *See also Tang v. Hwang,* 799 F.Supp. 499, 502–03 (E.D.Pa. 1992).

Another example of a court allowing matters to proceed even though the original complaint was filed without the possession of a copyright registration certificate is *Demetriades v. Kaufmann,* 680 F.Supp. 658 (S.D.N.Y.1988). The action for copyright infringement was instituted on February 8, 1988, but no copyright registration had been issued. *Id.* at 661. Soon after, however, a valid certificate was issued effective February 2 of the same year. *Id.* The court noted it did not have subject matter jurisdiction until the Copyright Office issued a valid certificate. *Id.* However, once the certificate was issued, the court allowed the plaintiff to file an amended complaint alleging possession of a registration certificate, thus curing the lack of subject matter jurisdiction. *Id.*

While the court favors the approach of *Demetriades,* the plain language of the statute controls. Therefore, Gerig's complaint will be dismissed without prejudice and he will be allowed to file a new action. Gerig may proceed with claims for which either a certificate or denial has been received on or before the filing of the new complaint. In regard to the statutes of limitations or other time-bar claims, the filing date of the newly filed complaint shall be deemed to relate back to February 9, 1998, the filing date of the original complaint, insofar as the new complaint alleges only claims alleged in the original complaint and joins only the defendant named in the original complaint or the successor of such original defendant. Any discovery done in this case will relate to and will be just as applicable to Gerig's newly filed complaint. The court recognizes there is some inconvenience in this course of action, but subject matter jurisdiction requires no less. *See, e.g., GAF Building Materials Corp. v. Elk Corp.,* 90 F.3d 479, 483 (Fed.Cir. 1996) ("The presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed.").

Because this court lacks subject matter jurisdiction over this action, there is no need to address Krause's argument that Gerig's infringement claim does not arise under the Copyright Act. For the same reason, Krause's alternative motion to strike and/or dismiss Gerig's claims for statutory damages and attorney's fees is denied as moot.

IT IS ACCORDINGLY ORDERED this 12th day of January, 1999, that Gerig's motion for a hearing on Krause's motion to dismiss (dkt. no. 12) is denied; Krause's motion to dismiss for lack of subject matter jurisdiction (dkt. no. 2) is granted; and Krause's motion in the alternative to strike and/or dismiss claims for statutory damages and attorney's fees (dkt. no. 2) is denied as moot. If Gerig wishes to proceed with his claims, he shall refile his lawsuit, as set forth above.