**ICONBAZAAR, L.L.C., Plaintiff,**

v.

**AMERICA ONLINE, INC., Defendant.**

**No. 1:02 CV 1022.**

United States District Court,
M.D. North Carolina.

Feb. 26, 2004.

Scott K. Tippett, House & Tippett, Winston–Salem, NC, for plaintiff.

David Kushner, Brooks, Pierce, McLendon, Humphrey, & Leonard, L.L.P., Raleigh, NC, Jennifer Van Zant, Brooks, Pierce, McLendon, Humphrey, & Leonard, Greensboro, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, Chief Judge.

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. [Doc. # 13]. Defendant's prior Motion to Dismiss [Doc. # 6] is now MOOT. For the reasons set forth below, the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint will be GRANTED IN PART AND DENIED IN PART. Specifically, the motion will be GRANTED as to both the state law unfair and deceptive trade practices claim and any trademark claims, and DENIED as to the federal copyright claim.

### I.

The facts in the light most favorable to the Plaintiff are as follows: Plaintiff Iconbazaar, L.L.C. is a North Carolina company that owns intellectual property rights in various computer graphic images, or "icons". These images were created by one of Iconbazaar's founders, Christopher Ralph, and subsequently assigned to Iconbazaar. Iconbazaar maintains a website, *www.iconbazaar.com,* through which patrons may license the use of any of thousands of these graphic images.

Iconbazaar alleges that Defendant America Online, Inc. ("AOL") used one of its images without prior approval. Specifically, Iconbazaar alleges that AOL used a dragonfly image, DRGFLY02.GIF, in its AOL Instant Messenger program without Iconbazaar's knowledge or consent. AOL's use of the dragonfly image began in November or December of 1999, when it released AOL Instant Messenger Version 3.5.1670. As part of a promotion, AOL distributed free copies of the program throughout the United States via mail and print media.

Iconbazaar filed a Complaint[1] against AOL on November 26, 2002, alleging copy-

---

1. All future submissions by Iconbazaar should comply with the page numbering require-

ments set forth in Local Rule 7.1(a).

right infringement and state law unfair and deceptive trade practices. The Complaint also included a statement that Iconbazaar had common law trademark rights in the image, and a request for injunctive relief under trademark law, but did not include a separate count for trademark violations. AOL moved to dismiss the Complaint. [Doc. # 6]. On June 25, 2003, Iconbazaar responded by filing both a response to AOL's motion and an Amended Complaint. AOL then moved to dismiss the Amended Complaint. [Doc. # 13].

## II.

The only motion currently at issue is the Motion to Dismiss the Plaintiff's First Amended Complaint. [Doc. # 13]. An amended pleading supercedes the original pleading, leaving the original with no legal effect. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir.2001). Because Iconbazaar's original Complaint is without legal effect, AOL's first Motion to Dismiss [Doc. # 6] and any responses to that motion are now MOOT. As to the remaining motion, each of the claims for which AOL seeks dismissal will be discussed below, in turn.

## A.

AOL contends that Count One, Iconbazaar's copyright claim, should be dismissed for three reasons. The first two reasons for dismissal are brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. First, AOL claims that the dragonfly image was not registered with the Copyright Office prior to the filing of this infringement ac-

**2.** Although suit may also be brought where registration has been refused, if the applicant serves a copy of the complaint with the Register of Copyrights. *Id.*

**3.** Iconbazaar later submitted an affidavit from its attorney along with two attachments: a

tion. Second, AOL claims that only Christopher Ralph, and not Iconbazaar, has standing to pursue any copyright action. As a third grounds for dismissal, if this Court should find subject matter jurisdiction exists, AOL contends that Count One should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, the Motion to Dismiss the First Amended Complaint will be DENIED as to Count One.

1.

 AOL first argues that this Court does not have subject matter over the copyright claim because Iconbazaar failed to timely register its dragonfly image. Neither party disputes that the work in question must be registered with the Copyright Office before an action for copyright infringement may be brought. *See 17 U.S.C. § 411(a);*[2] *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 658 (4th Cir.1993). Likewise, neither party disputes that registration is a jurisdictional prerequisite. *See Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir.2003). The dispute boils down to the issue of when a work is considered "registered" for purposes of copyright law. Iconbazaar contends that registration is complete upon sending an application to the Copyright Office, which it alleges was done sometime "[p]rior to the institution of this action."[3] In contrast, AOL contends that registration is not complete until a party has received, or been denied, a registration certificate.

letter from the Copyright Office stating that its application had been received on November 21, 2002 and would be backdated to the date of receipt once processed; and a copy of a canceled check for the application fee. [Doc. # 17]. *See also,* Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, Exh. D.

There is a split of authority on when a copyright is registered for purposes of 17 U.S.C. § 411(a). Numerous district courts have found that a copyright is registered upon filing a completed application with the Copyright Office. *See e.g., Well–Made Toy Mfg. Corp. v. Goffa Intern. Corp.* 210 F.Supp.2d 147, 157 (E.D.N.Y.2002); *Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.,* 81 F.Supp.2d 70 (D.D.C.2000); *Havens v. Time Warner, Inc.,* 896 F.Supp. 141, 142–43 (S.D.N.Y. 1995); *Tabra Inc. v. Treasures de Paradise Designs Inc.,* 20 U.S.P.Q.2d 1313, 1318 (N.D.Cal.1992). In addition, the foremost treaty on copyright law takes this position. 2–7 *Nimmer on Copyright* § 7.16(B)(1)(a)(i). The Fifth Circuit, citing *Nimmer,* also deems a copyright registered upon application. *See e.g., Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 387–87 (5th Cir.1984).

Numerous district courts have disagreed with the registration-upon-application approach. These courts require a plaintiff to show receipt, or denial, of a copyright registration certificate before bringing suit. *See e.g., Goebel v. Manis,* 39 F.Supp.2d 1318, 1320 (D.Kan.1999); *Miller v. CP Chems., Inc.,* 808 F.Supp. 1238, 1241 (D.S.C.1992); *Demetriades v. Kaufmann,* 680 F.Supp. 658, 661 (S.D.N.Y.1988). *See also, M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486, 1488 n. 4 (11th Cir.1990) (discussing the requirement of "registration" and including a footnote citing, among others, several cases requiring registration certificates). Some courts have required certificates, even while admitting the inefficiency of this approach. *See e.g., Ryan v. Carl Corp.,* 1998 WL 320817, \*\*2–3, 1998 U.S. Dist. LEXIS 9012 at \*7–8 (N.D.Cal.) (dismissing action for lack of a certificate and finding that courts are "not free to redraft statutes to make them more sensible or just.").

The Fourth Circuit has not directly addressed the issue. However, there is some support within the Circuit for the registration-on-application approach. Some district courts in the Fourth Circuit have found that registration upon application is the proper interpretation. *See e.g., Berlyn, Inc. v. The Gazette Newspapers, Inc.,* 157 F.Supp.2d 609, 623 (D.Md.2001) (finding no jurisdiction where the plaintiff failed to allege that he had filed an application); *Secure Servs. Tech., Inc. v. Time & Space Processing, Inc.,* 722 F.Supp. 1354 (E.D.Va.1989) (finding in dicta that any other approach would leave a plaintiff "in legal limbo" while the Copyright Office processed applications). Further, a Fourth Circuit case decided shortly after the 1976 Amendments to the Copyright Act has language which may be read to require less than a registration certificate for jurisdiction. *Eltra Corp. v. Ringer,* 579 F.2d 294, 296, n. 4 (4th Cir.1978). In *Eltra Corp.,* a mandamus action to compel the Register to register a copyright, the Fourth Circuit included a footnote saying that "[t]he 1976 Amendments eliminate any need to secure registration as a prerequisite to an infringement suit and authorize suit for infringement, despite the Register's denial, so long as the Register is notified."

■■■ The goal of statutory interpretation is always to ascertain and implement the intent of Congress. *Scott v. U.S.,* 328 F.3d 132, 138 (4th Cir.2003). In doing so, courts should begin with the words of the statute and give the words their common meaning. *Id.* at 139. Courts should strive to give effect to every word in the statute. *Kofa v. U.S. I.N.S.,* 60 F.3d 1084, 1094 (4th Cir.1995). Only if the statute is ambiguous should a court look beyond the language of the statute. *U.S. v. Akinkoye,* 185 F.3d 192, 200 (4th Cir.1999).

Several statutory provisions within the Copyright Act are often cited as evidence of Congressional intent. Courts that require registration certificates often focus on language found in 17 U.S.C. § 410(a), which states that the Register of Copyrights "shall register the claim and issue to the applicant a certificate" when examination of the materials submitted shows that all "legal and formal requirements" have been met. This language has been interpreted as saying that registration is not issued until all materials have been examined, and not upon filing. *See e.g., Ryan v. Carl Corp.,* 1998 WL 320817, *2, 1998 U.S. Dist. LEXIS 9012 at *5 (N.D.Cal.). However, this statute could be read to apply only to the requirements for issuance of a registration certificate, not to the requirements for instituting an action for infringement.

Courts finding registration complete upon application focus on language in 17 U.S.C. § 410(d), which states that the "effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined ... to be acceptable for registration, have all been received." This provision can either be read to say that registration is complete upon application, or to say that registration certificates will be backdated to the day on which a completed application is received.

Because these commonly cited provisions can be read in two ways, an examination of other statutory provisions may be helpful to discern congressional intent. As all words in a statute are to be given effect, an examination of other provisions of the Copyright Act provides further support for a registration-on-application interpretation. The first statutory evidence supporting registration-on-application interpretation is found in 17 U.S.C. § 408(a), which states that an owner of an exclusive right in the work in question "may obtain registration of the copyright claim by delivering to the Copyright Office the deposit specified ..., together with the application and fee."

In addition to direct statutory support, the overall statutory scheme governing the institution of infringement actions supports the position that Congress intended for registration to be complete on application. The statute of limitations for copyright infringement actions is three years. 17 U.S.C. § 507(b). However, the owner of the disputed work may not bring suit for infringement until his copyright has been registered. 17 U.S.C. § 411(a). The process of processing and evaluating a copyright application could be a lengthy one,[4] during which time an infringing use may continue unchallenged if the owner is not allowed to begin suit. Further, delaying the institution of a civil action in order to determine whether the copyright will be approved is unnecessary because the owner of the work may bring suit even if his copyright application is denied. *Id.*

Adopting the view that filing of the completed application is sufficient, it is determined that, because Iconbazaar alleged in its Amended Complaint that it filed its copyright application prior to filing suit,[5] Count One cannot be dismissed at this stage for failure to register the copyright.

---

4. In fact, in the wake of the recent Anthrax scare, the Copyright Office enacted regulations to address the situation when postal or other communication services are disrupted, requiring backdating the date of receipt of applications to the date on which they otherwise would have been received. 37 C.F.R. 201.8.

5. In addition, with an affidavit filed a month after the Amended Complaint, Iconbazaar submitted a copy of a letter from the Copyright Office stating that the application had been received on, and would be dated, November 21, 2002. [Doc. # 17]. The affidavit also attached a copy of a canceled check for the filing fee.

## 2.

The second basis AOL provides for lack of subject matter jurisdiction over Count One is Iconbazaar's failure to allege standing to sue. Only the "legal or beneficial owner of an exclusive right under a copyright" has standing bring suit for infringement of that right. *See 17 U.S.C. § 501(b)*. Iconbazaar can be the owner of an exclusive right if it is either the author of the work in question, or an assignee of the right as prescribed by *17 U.S.C. § 204(a)*. The parties agree that Mr. Ralph is the original author of the dragonfly image, the issue is whether Iconbazaar has standing to sue as an assignee of rights.

The Amended Complaint alleges that Mr. Ralph created the dragonfly image, and then "assigned" to Iconbazaar the exclusive right to use and license the image, including the right to bring an action for any past and future infringement of that right. However, AOL points out that the Amended Complaint contains no specific allegation that the assignment to Iconbazaar was *in writing* as required by copyright law. *See 17 U.S.C. § 204(a)*. Iconbazaar included an unauthenticated copy of a written assignment dated November 22, 2002 along with its response to AOL's motion, but it neither included a copy of a written assignment nor referenced any such writing in its Amended Complaint.

■ When a defendant contests subject matter jurisdiction by alleging that the complaint fails to allege facts upon which jurisdiction can be based, the facts alleged in the complaint are assumed to be true and the analysis is parallel to that under a Rule 12(b)(6) motion. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The Fourth Circuit has stated that "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir.1972). *See also Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002) (stating that a plaintiff must "set forth facts sufficient to allege each element of his claim.")

■ Iconbazaar's allegation of assignment of rights to the dragonfly image is sufficient to allege standing to pursue the copyright claim for purposes of a 12(b)(6) motion. While the more thorough way to allege standing would have been to allege a written assignment which complied with the requirements set forth in 17 U.S.C. § 204(a), an allegation of "assignment" to Iconbazaar sufficiently gives notice of Iconbazaar's claim to rights in the work in question. Because Iconbazaar has provided sufficient facts to allege ownership in the work in question, Count One will not be dismissed on these grounds.

## 3.

■ As a final ground for dismissal, AOL alleges that Iconbazaar has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, AOL claims that Iconbazaar failed to include a picture of the dragonfly image in question or describe it so as to give notice of the claim. However, this Court finds that the Amended Complaint does contain a sufficient description of the image in question to survive a motion to dismiss.

The federal rules simply require that a complaint give fair notice of the plaintiff's claim, and the grounds upon which it rests. *Comet Enter. Ltd. v. Air–A–Plane Corp.*, 128 F.3d 855 (4th Cir.1997). Although the Amended Complaint admittedly failed to include a picture of the image in question, it references a "dragonfly image or DRGNFLY02.GIF" that is capable of being used as a computer icon. It further explains that the image was created by Mr. Ralph and that it could be found on Iconbazaar's website, and that AOL began

using the image in late 1999 in a specific version of AOL Instant Messenger.

■ AOL claims that the Amended Complaint is insufficient to give notice of Iconbazaar's claim because it has been unable to find an image by the exact name DRGFLY02.GIF on Iconbazaar's website.[6] AOL attached to its motion a printout dated May 1, 2003, containing twenty-four consecutively-numbered dragonfly images from the website.[7] Each of the twenty-four dragonflies has multiple variations; there are two size options and three background options for each dragonfly. The name of each dragonfly image contains its number and a suffix indicating which variations have been chosen. For example, a large image of the second dragonfly on a light background is DRGNFLY02_1A.GIF, and a smaller version of the same dragonfly on the same background is DRGNFLY02_2A.GIF.

While there may be some dispute over the dragonfly at issue, AOL has had sufficient notice of the copyright claim being asserted. Iconbazaar objects to AOL's use of the dragonfly image that can be found in AOL Instant Messenger Version 3.51670. Certainly AOL has access to the image it may have used in its own product, and has notice of the image to which Iconbazaar objects. As Iconbazaar stated in its response, "[w]hile the First Amended Complaint may not be as artfully drawn as some, it does give the Defendant notice of the claim asserted against it."

In summary, because this Court finds that Mr. Ralph registered the dragonfly image copyright with the Copyright Office prior to the institution of this suit, and that Mr. Ralph alleged that he subsequently assigned the past and future rights to sue for infringement of the image to Iconbazaar, and that the Amended Complaint sufficiently describes the image so as to give notice of its claim, AOL's Motion to Dismiss the First Amended Complaint as to the copyright claim will be DENIED.

## B.

■ AOL has also moved to dismiss Count Two of Iconbazaar's Amended Complaint, which alleges that AOL committed unfair and deceptive trade practices under North Carolina law.[8] Because this claim is preempted by federal copyright law, AOL's Motion to Dismiss the state law claim will be GRANTED.

Congress has specifically preempted all state law rights that are equivalent to those protected under federal copyright law. See 17 U.S.C. § 301(a). For preemption to apply, two conditions must be met: (1) the state law rights must be claimed in works which are "within the subject matter of copyright," and (2) state laws are subject to preemption only if they create "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." Id.

The parties do not dispute that the dragonfly image in question is a graphic work which may be protected under copyright law.[9] What is in dispute is the second

---

6. Iconbazaar included a copy of the dragonfly image with its response to AOL's motion, but AOL objects to this Court's consideration of this copy.

7. Courts may consider documents that are "integral to and explicitly relied on in the complaint," if the authenticity of such documents is not in question. *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir.1999).

8. Although Iconbazaar failed to give any citation, North Carolina's statute addressing unfair and deceptive trade practices is N.C. Gen. Stat. § 75–1.1.

9. Copyright law applies to "original works of authorship fixed in any tangible medium of expression," including "pictorial, graphic and sculptural works." 17 U.S.C. § 102(a).

condition, whether the state law right asserted is equivalent to a right protected under copyright law. This second condition is often judged using the "extra-element" test:

> [I]f under state law the act of reproduction, performance, distribution, or display, no matter whether the law includes all such acts or only some, will in itself infringe the state-created right, then such right is pre-empted. But if qualitatively other elements are required, instead of, or in addition to [those acts] in order to constitute a state-created cause of action, then the right does not lie "within the general scope of copyright," and there is no pre-emption.

1–1 *Nimmer on Copyright* § 1.01(B)(1). In other words, preemption applies where the state law cause of action lacks an extra element making the action qualitatively different than a copyright claim. *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 229–230 (4th Cir.1993).

AOL contends that Iconbazaar's unfair trade practices claim does not state a qualitatively different element than copyright infringement. Instead, AOL argues that the state law claim simply restates the allegations of the copyright claim, that AOL copied Iconbazaar's work without permission. Iconbazaar responds to AOL's preemption argument by repeating the allegations in the Amended Complaint,[10] and concluding summarily that the facts as stated were "sufficient to state a claim under N.C.G.S. § 75–1."

Neither party has properly identified the issue in this preemption question, one which goes beyond the allegations of the Complaint. Iconbazaar's failure to allege an additional element beyond mere copy-

ing is not at issue. Whether Iconbazaar's allegation is sufficient to state a claim under North Carolina law is not at issue. What is at issue is whether a cause of action for unfair and deceptive trade practices requires any elements beyond those required to state a copyright claim. *Rosciszewski*, 1 F.3d at 229; *Trandes*, 996 F.2d at 659.

■ North Carolina's statute on unfair trade practices simply provides that "unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C.G.S. § 75–1.1. To state a claim under N.C.G.S. § 75–1.1, a plaintiff must establish that: (1) the defendants committed an unfair or deceptive act or practice; (2) the defendants' act was in or affecting commerce; and (3) the plaintiff was injured thereby. *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). Acts are unfair if they offend public policy or are immoral, unethical, or substantially injurious to consumers. *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). Acts are deceptive where they have the capacity to deceive, even if they do not in fact do so. *Id.*

While there may be extra elements of fraud or deceit in any given unfair trade practices claim, there are no additional elements *required* in order to state an unfair trade practices claim than there are required to state a copyright claim. Accordingly, the state law claim is preempted by federal copyright law. AOL's Motion to Dismiss the First Amended Complaint will be GRANTED as to the state unfair and deceptive trade practices claim.

### C.

Finally, AOL has moved to dismiss any trademark claims which Iconbazaar may have stated.[11] Because Iconbazaar has

---

**10.** The conduct allegedly giving rise to a claim for unfair and deceptive trade practices is that AOL "with full knowledge that it had no license or authorization to use the dragonfly image has traded on the goodwill associat-

ed with such image, even though said use was not authorized." (First Am. Compl. ¶ 26).

**11.** The Amended Complaint does not include a separate count for trademark violations.

failed to respond to this motion in any fashion, AOL's Motion to Dismiss will be treated as uncontested and will be GRANTED.

## III.

In summary, this Court does have subject matter over Iconbazaar's copyright claim, and the First Amended Complaint does state a claim for copyright infringement. However, Iconbazaar's state law claim is preempted by copyright law, and it has failed to contested dismissal of any possible trademark claims. Accordingly, AOL's Motion to Dismiss will be GRANTED as to the state law and trademark claims, and will be DENIED as to the federal copyright claim.

## ORDER

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. [Doc. # 13]. Defendant's prior Motion to Dismiss [Doc. # 6] is now MOOT. For the reasons set forth in a contemporaneously filed Memorandum Opinion, the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint will be GRANTED IN PART AND DENIED IN PART. Specifically, the motion will be GRANTED as to both the state law unfair and deceptive trade practices claim and any trademark claims, and DENIED as to the federal copyright claim.

However, it does include a general statement that Iconbazaar has "trademark rights" in the dragonfly graphic. Further, the prayer for

relief includes a request for injunctive relief under trademark law, 15 U.S.C. § 1116.