**LOREE RODKIN MANAGEMENT CORP.**, a California corporation, Plaintiff,

v.

**ROSS–SIMONS, INC.**, a Rhode Island corporation, **Smartbargains, Inc.**, a Delaware corporation, **Charles Winston Enterprises, LLC**, a California company, **Strong Trading, Inc.**, a California corporation, **B.H. Multi Com Corp.**, a New York corporation, **Ahtra N.J., Inc.**, an entity of unknown origin and type, and Does 1 through 10, Defendants.

No. CV 04–912WJRPJWX.

United States District Court, C.D. California.

April 20, 2004.

Christopher Rudd, Frank Sandelman, Angela V. Lopez, Gorry, Meyer & Rudd, LLP, Los Angeles, CA, for Plaintiff.

Michael A. Painter, Isaacman, Kaufman & Painter, Beverly Hills, CA, for Defendant Charles Winston Enterprises, LLC.

## OPINION AND ORDER

REA, District Judge.

Having considered the motion, the papers filed in support thereof and in opposition thereto, the oral argument of counsel, and the file in the case, the Court now makes the following decision.

## BACKGROUND

Loree Rodkins Management Corporation ("LRMC") designs and produces unique high-end jewelry that has garnered clients from the Hollywood elite and adulation in the pages of fashion magazines. Between November 24, 2003 and January 16, 2004, LRMC submitted separate copyright applications with proper fees for five jewelry designs to the U.S. Copyright Office. On February 10, 2004, LRMC commenced the instant action alleging copyright infringement against various defendants arising from these five jewelry designs. However, LRMC had not yet received an official registration certificate from the Copyright Office by that date. In fact, the application for copyright registration is still pending at this time. Consequently, Defendant Charles Winston Enterprises, LLC moves to dismiss the action for want of federal subject matter jurisdiction.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a claim if the court lacks subject matter jurisdiction over it. The jurisdictional provision implicated by the instant motion is 17 U.S.C. § 411(a), which provides in pertinent part: "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."

### II. Application to the Instant Case

Defendant's motion raises a single legal issue: can a plaintiff bring a copyright suit while plaintiff's application for copyright registration is pending before the Copyright Office? There is a rather clear split in authority on the matter,[1] including a decisive split between various California district courts. Several courts, as well as the leading treatise on copyright law, have concluded that a pending registration is sufficient to confer federal jurisdiction over a copyright infringement claim, as possession of the actual certificate of registration is unnecessary. *See Gable–Leigh, Inc. v. North American Miss,* 2001 WL 521695 (C.D.Cal.2001); *Dielsi v. Falk,* 916 F.Supp. 985 (C.D.Cal. 1996); *Tabra, Inc. v. Treasures de Para-*

---

1. The Ninth Circuit is yet to decide the issue. *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106 (9th Cir.1970), is not controlling on the matter, since it was interpreting the jurisdiction provision of the 1909 Copyright Act, which contained fundamentally distinguishable language than the jurisdiction provision of the 1976 Copyright Act. *See Ryan v. Carl Corp.,* 1998 WL 320817, *1 (N.D.Cal.1998).

*dise Designs, Inc.,* 1992 WL 73463, 20 U.S.P.Q.2d 1313 (N.D.Cal.1992); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright,* § 716[B][1][a] at 7–155 (citing *Apple Barrel Productions, Inc. v. R.D. Beard,* 730 F.2d 384 (5th Cir.1984)). Other courts have concluded instead that a certificate of copyright registration from the Copyright Office is a prerequisite to bringing a copyright infringement claim. *See Brush Creek Media, Inc. v. Boujakli-an,* 2002 WL 1906620 (N.D.Cal.2002); *Ryan v. Carl Corp.,* 1998 WL 320817 (N.D.Cal.1998); *Ashlar Inc. v. Structural Dynamics Research Corp.,* 1995 WL 639599, 36 U.S.P.Q.2d 1402 (N.D.Cal.1995). Because the Court agrees with the second set of cases that the plain language of the Copyright Act unambiguously mandates the actual issuance of a registration certificate before a copyright action is brought, the Court grants Defendant's motion to dismiss, without prejudice.

17 U.S.C. § 411(a) prohibits a party from suing for copyright infringement in any district court "until registration of the copyright claim has been made in accordance with this title." The first line of cases believes that the word "registration" refers to the moment that the plaintiff delivers the fee, deposit and application to the Copyright Office. The other line of cases believes that the word "registration" refers to the moment that the certificate of registration is issued by the Copyright Office. At a first reading, both interpretations seem plausible. However, the Court agrees with the *Ryan* court that a "close

reading of the Act indicates that registration does not occur until after the Copyright Office issues a certificate of registration." *Id.* at *2. The *Ryan* Court put it well:

[t]he Act states that the Register of Copyrights shall register a claim and issue a certificate "[w]hen, after examination, [she] determines that ... the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met." 17 U.S.C. § 410(a). Because it indicates that the Copyright Office, not the applicant, registers a claim, and that examination is a prerequisite to registration, the section cuts against plaintiffs' position of automatic registration.

*Id.* Section 410(a) expressly requires the Register of Copyrights to *both* register a claim *and* issue a certificate *after* examining the deposited material and determining that it constitutes copyrightable subject matter.[2] Therefore, the phrase "register a claim" cannot possibly refer to the pre-examination receipt by the Copyright Office of the applicant's fee, deposit, and application.[3]

Language within the jurisdiction provision also supports Defendant's interpretation. The second sentence of § 411(a) states: "[i]n any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringe-

**2.** Section 410(a) provides: "[w]hen, *after examination,* the Register of Copyrights determines that...the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall *register the claim and issue to the applicant a certificate of registration* under the seal of the Copyright Office." 17 U.S.C. § 411(a). (Emphasis added).

**3.** Section 410(a) also reveals that "registering a claim" and "issuing a certificate" are distinguishable in nature, which obviously supports the conclusion that § 411(a)'s "registration of the copyright claim" language does not refer to "issuing a registration certificate," as Plaintiff argues.

ment if notice thereof, with a copy of the complaint, is served on the Register of Copyrights." 17 U.S.C. § 411(a). This provision drives an iron wedge between the act of delivering the deposit, application and fee to the Copyright Office and the determination of refusal of copyright registration by the Register of Copyrights. Indeed, the provision illustrates that *delivery* of the deposit, application, and fee can occur, yet *registration* can be refused. The argument that "registration" is complete upon delivery is thus undermined.

Plaintiffs cite § 410(d) in support of their argument that registration is complete upon delivery of the deposit, application and fee.[4] The Court, however, agrees with the *Ryan* court that "[c]ontrary to plaintiffs' contention, this section does not mean that an application is considered registered while the Copyright Office is deciding whether or not to accept it; instead, it means that once an application has been considered and accepted by the Office, the registration is backdated to the time the application was received." *Id.* at *2. Backdating is significant because certain remedies are available to a plaintiff only if the infringement occurred after the effective date of the registration. *See* 17 U.S.C. 412; *Id.* The Court therefore rejects the contention that section 410(d) supports a finding that registration is complete upon delivery.[5]

 It is black-letter law that "[t]he task of resolving the dispute over the meaning of [a statute] begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Moreover, "individual sections of a single statute should be construed together." *Erlenbaugh v. United States*, 409 U.S. 239, 244, 93 S.Ct. 477, 34 L.Ed.2d 446 (1972). "A court must therefore interpret the statute as a symmetrical and coherent regulatory scheme and fit, if possible, all parts into an harmonious whole." *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). The Court is convinced that construing § 411(a)'s prior registration requirement consistently with its plain language and that of the other portions of the Copyright Act unavoidably leads to the conclusion that a federal district court lacks subject matter jurisdiction over a copyright claim if the certificate of registration is yet to be issued. The language of sections 410(a), 410(d), 411(a) and 408(a), if read harmoniously and coherently, mandates this holding.[6] The Court shares the sentiments of

---

4. Section 410(d) states: "[t]he effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d).

5. It should be noted that the Court also agrees with *Ryan* that "section 408(a) must be read to mean merely that the delivery of the application is a step the applicant must take, not that delivery is sufficient by itself to obtain a registration." *Id.* at *3.

6. The district courts within California that have concluded the opposite have done so

after only a brief and superficial analysis of the matter. *See Tabra, Inc.* 1992 WL 73463, 20 U.S.P.Q.2d 1313, 1317, n. 4 (dedicating just two sentences to the matter, and then using a footnote to erroneously state that the Ninth Circuit, citing *Roth* and its progeny, had already decided the matter); *Dielsi*, 916 F.Supp. 985, 994, n. 6 (dismissing the plaintiff's copyright claim because plaintiff failed to even *apply* for copyright registration, then finding in a footnote that mere application is sufficient to meet the prior registration requirement); *Gable–Leigh, Inc.* 2001 WL 521695, *4 (finding that the court had subject matter jurisdiction after quoting two sentences from the *Dielsi* footnote and one sentence from a court outside of the circuit, *see*

the *Ryan* court that, while this is an "inefficient and peculiar result," *id.* at \*3, "the Court is not free to redraft statutes to make them more sensible or just." *Id.; see also Brush Creek Media* at \*4. Accordingly, the Court grants Defendant's motion to dismiss without prejudice.[7]

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's 12(b)(1) motion and dismiss Plaintiff's copyright claim without prejudice.

IT IS SO ORDERED.

*Apple Barrel Productions v. R.D. Beard,* 730 F.2d 384, 386 (5th Cir.1984)). Unlike the *Ryan* and *Brush Creek Media* courts, which analyzed the issue in extensive detail, these three courts analyzed the matter only in passing. The Court is persuaded by the reasoning of *Ryan* and *Brush Creek Media* and, accordingly, rejects the conclusion reached by these three other courts.

**7.** The rather definitive split between federal district courts within California alone renders this issue particularly fit for Ninth Circuit review. A clear rule issued by the Ninth Circuit that would settle the matter within the Circuit and undercut the ever-growing rash of conflicting results is highly desirable.