**Glen BERRY, Plaintiff,**

v.

**PENGUIN GROUP (USA), INC., et al., Defendants.**

**No. C05–917JLR.**

United States District Court, W.D. Washington, at Seattle.

July 10, 2006.

Aaron M. Lukoff, Bellingham, WA, for plaintiff.

Bruce E.H. Johnson of Davis Wright Tremaine LLP, Seattle, WA, for defendants.

## ORDER

ROBART, District Judge.

### I. INTRODUCTION

This matter comes before the court on Defendants' motion for summary judgment under Fed.R.Civ.P. 56(a) (Dkt.# 9) and Plaintiff's motion to amend his complaint (Dkt.# 16). The court concludes that it lacks subject matter jurisdiction over this action and DISMISSES Plaintiff's claims without prejudice.

### II. BACKGROUND & ANALYSIS

On May 18, 2005, Plaintiff Glen Berry filed a complaint against Defendants Penguin Group (USA), Inc., Alpha Books, and Joanne Parrent, alleging copyright infringement (Dkt.# 1). At the time of filing, Mr. Berry had not yet registered his copyright with the United States Copyright Office ("the Copyright Office"). The Copyright Office issued his certificate of registration on June 20, 2005. Johnson Decl., Exh. E.

Under the Copyright Act of 1976 ("the Act") a plaintiff may not "institute[ ]" an action in federal district court "until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Some district courts within the Ninth Circuit conclude that a pending registration is sufficient to confer federal jurisdiction, while others construe

section 411(a) as requiring issuance of an actual registration certificate from the Copyright Office as a prerequisite to bringing suit. *Compare Dielsi v. Falk,* 916 F.Supp. 985, 994 n. 6 (C.D.Cal.1996), *with Loree Rodkin Management Corp. v. Ross–Simons, Inc.,* 315 F.Supp.2d 1053, 1056–57 (C.D.Cal.2004), *and Corbis Corporation v. Amazon.com, Inc.,* 351 F.Supp.2d 1090, 1112–13 (W.D.Wash.2004). The latter authority construes section 411(a) together with section 410(a) of the Act, which requires the Register of Copyrights to both register a claim *and* issue a certificate "[w]hen, after examination, [she] determines that ... the material deposited constitutes copyrightable subject matter ...." 17 U.S.C. § 410(a). Under this construction, the Register of Copyrights must examine and approve a copyright claim before it is "registered" under the Act. *Corbis,* 351 F.Supp.2d at 1112; *Loree,* 315 F.Supp.2d at 1055. The court recently considered this issue and adopted Chief Judge Lasnik's reasoning in *Corbis. Kurtz v. Capgemini America, Inc.,* No. 05–1817, 2006 WL 223754, at *2 (W.D.Wash. Jan.30, 2006).

Here, Defendants raise the issue of subject matter jurisdiction in their reply brief (Dkt.# 21). The court notes that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). In light of *Kurtz,* the court concludes that it lacks subject matter jurisdiction over Mr. Berry's copyright cause of action because at the time he filed suit, Mr. Berry did not possess a certificate of registration from the Copyright Office. Only those who have "applied and obtained registration and those who have applied and failed" have the right to file suit in federal court. *Kurtz,* 2006 WL 223754, at *3 (quoting *Corbis,* 351 F.Supp.2d at 1113).

### III. CONCLUSION

For the reasons stated above, the court DISMISSES Plaintiff's claims without prejudice. Because the court lacks subject matter jurisdiction, it does not consider Defendants' motion for summary judgment (Dkt.# 9) or Plaintiff's motion to amend his complaint (Dkt.# 16).