Randall L. JENNETTE, Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 07–335C.

United States Court of Federal Claims.

June 19, 2007.

Randall L. Jennette, Tobyhanna, PA, pro se.

Kirby Wing–Kay Lee, United States Department of Justice, Washington, DC, for defendant.

## *OPINION AND ORDER*

SWEENEY, Judge.

Before the court is plaintiff's *pro se* Complaint, seeking relief in the amount of one million, five hundred thousand dollars for breach of contract. Specifically, plaintiff alleges that defendant breached a contract requiring the government to pay plaintiff in exchange for the use of plaintiff's copyrighted name. In addition, plaintiff has requested to proceed *in forma pauperis,* but for the reasons set forth below, plaintiff's application is denied. The court deems it unnecessary to await a response from defendant regarding plaintiff's Complaint. For the reasons set forth below, the court dismisses plaintiff's Complaint.

## I. BACKGROUND

### A. Factual Background

Plaintiff, Randall L. Jennette, filed his Complaint in this court on May 31, 2007,

alleging that the government "contracted with the Secured Party, Randall Jennette, to do business under the terms and conditions of [sic] contract." Complaint ("Compl.") ¶ 1. Plaintiff asserts that he has "a security interest in the name RANDALL JENNETTE©, and uses this name as a transmitting utility, to conduct business in commerce." *Id.* ¶ 2. Plaintiff claims that the government entered into an agreement "under [Uniform Commercial Code ("UCC") § ] 1–201, in the bargaining of the usage of RANDALL L JENNETTE©." *Id.* ¶ 3. Plaintiff states that the "self-executing contract is herewith attached, describing the terms and conditions, that governed the relationship" between the government and plaintiff. *Id.* ¶ 4. Attached to plaintiff's Complaint is a document captioned "Copyright Notice" ("Copyright Notice"); a "Uniform Commercial Code Electronic Filing Acknowledgment" issued by the Maine Secretary of State ("Acknowledgment"); and a "UCC Financing Statement" ("Financing Statement"). The Copyright Notice purports to be a self-executing contract signed by plaintiff on December 2, 2002, and the Copyright Notice states that plaintiff's name is under copyright protection. The Financing Statement identifies the Commissioner of the Internal Revenue Service as a debtor, plaintiff as a secured party, and the Copyright Notice as collateral. It appears that the Acknowledgment is plaintiff's receipt of filing the Financing Statement with the Secretary of State of Maine, on April 28, 2007.

### B. Application to Proceed *In Forma Pauperis*

■ In plaintiff's application to proceed *in forma pauperis*, plaintiff represents that he is unemployed but receives a monthly pension from "NYCERS" in the amount of $1,438.00. In addition, plaintiff receives a monthly contribution from his granddaughter in the amount of $200.00. He also owns his home, which has an approximate value of $71,000.00. The application reflects no indebtedness.

The pertinent statute, 28 U.S.C. § 1915 (2000), permits courts of the United States to waive filing fees or security under certain circumstances. The statute provides in relevant part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). Although the statute references prisoners, non-prisoners may also apply to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).[1] *See Crews v. United States,* 38 Fed.Cl. 10, 12–15 (1997) (noting that "it is not likely that Congress intended to preclude *in forma pauperis* applications by indigent non-prisoners, when the clear purpose of the legislation was to discourage frivolous and abusive prisoner lawsuits," and concluding, "a non-prisoner plaintiff shall be allowed to file an *in forma pauperis* claim, provided the plaintiff has filed the required affidavit in accordance with … § 1915(a)(1), and is found to qualify for *in forma pauperis* status.").

Thus, to qualify for *in forma pauperis* status, an applicant must furnish an affidavit which includes, *inter alia,* a statement of income and assets and which explains why the applicant is unable to pay the required fees or security. Plaintiff's application reflects that he has sufficient means to pay the filing fee. Moreover, his Complaint is frivolous. Consequently, the court denies plaintiff's application on these twin grounds.

## II. JURISDICTION

### A. *Pro Se* Plaintiff

The pleadings of a *pro se* plaintiff are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v.*

---

1. Nevertheless, the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

*Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A court should be "receptive to *pro se* plaintiffs and assist them." *Demes v. United States,* 52 Fed.Cl. 365, 369 (2002). Courts have "strained [their] proper role in adversary proceedings to the limit, searching [the record] to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969). Nevertheless, "[t]he fact that [a plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995). Although a *pro se* plaintiff is granted leniency in presenting his case, his *pro se* status does not provide him immunity from pleading facts upon which a valid claim can rest. *See, e.g., Constant v. United States,* 929 F.2d 654, 658 (Fed.Cir.1991) (sanctioning *pro se* plaintiff for filing frivolous appeal). As the United States Court of Federal Claims ("Court of Federal Claims") stated in *Demes,* "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from a finder of fact to advocate." 52 Fed.Cl. at 369.

### B. Standard of Review: Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte,* or on appeal. *Gen–Probe, Inc. v. Vysis, Inc.,* 359 F.3d 1376, 1379 (Fed. Cir.2004). The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The court must accept as true the allegations in a plaintiff's complaint. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). Further, the court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted). Plaintiff " 'must make only a *prima facie* showing of jurisdictional facts through the submitted

material in order to avoid' " dismissal. *Raymark Indus., Inc. v. United States,* 15 Cl.Ct. 334, 338 (1988) (citation omitted).

### C. The Tucker Act

The Court of Federal Claims is a court of limited jurisdiction. *See Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997). The scope of this court's jurisdiction to entertain claims and grant relief depends upon the extent to which the United States has waived its sovereign immunity. *See United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). In "construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." *Fid. Constr. Co. v. United States,* 700 F.2d 1379, 1387 (Fed.Cir. 1983). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *King,* 395 U.S. at 4, 89 S.Ct. 1501. Therefore, except when Congress consents to a cause of action against the United States, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States." *United States v. Sherwood,* 312 U.S. 584, 587–88, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

The Tucker Act both confers jurisdiction upon the Court of Federal Claims and waives sovereign immunity with respect to certain actions for monetary relief filed against the United States. *See United States v. Mitchell,* 463 U.S. 206, 212–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Under the Tucker Act, sovereign immunity is waived for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). As stated in the Act, the Court of Federal Claims lacks jurisdiction over tort claims.

The Tucker Act itself, however, does not establish a substantive right of recovery. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 398, 96

S.Ct. 948, 47 L.Ed.2d 114 (1976). "[I]n order for a claim against the United States founded on statute or regulation to be successful, the provisions relied upon must contain language which could fairly be interpreted as mandating recovery of compensation from the government." *Cummings v. United States,* 17 Cl.Ct. 475, 479 (1989) (citations omitted), *aff'd,* 904 F.2d 45 (Fed.Cir.1990); *see also Testan,* 424 U.S. at 398, 96 S.Ct. 948 (stating that a "grant of a right of action must be made with specificity.").

## III. DISCUSSION

### A. Jurisdiction

■ Plaintiff asserts that this court's jurisdiction is founded upon "28 USC 2071(a),(c); 2503(b), 2521(a) [sic]." Compl. at 1. However, none of the sections cited by plaintiff establishes a substantive right of recovery. *See* 28 U.S.C. § 2071(a) (2000) (stating that the Supreme Court and all courts established "by Act of Congress" may "prescribe rules for the conduct of their business"); 28 U.S.C. § 2071(c) (providing that a "rule of a district court prescribed under" 28 U.S.C. § 2071(a) "shall remain in effect unless modified or abrogated by the judicial council of the relevant circuit"); 28 U.S.C. § 2503(b) (2000) (stating that the proceedings of the Court of Federal Claims "shall be in accordance with such rules of practice and procedure ... as the Court of Federal Claims may prescribe and in accordance with the Federal Rules of Evidence."); 28 U.S.C. § 2521(a) (2000) (discussing the authority of the Court of Federal Claims to issue subpoenas).

### B. Breach of Contract

■ Generally, the "government consents to be sued only by those with whom it has privity of contract." *Erickson Air Crane Co. of Wash. v. United States,* 731 F.2d 810, 813 (Fed.Cir.1984); *see also Anderson v. United States,* 344 F.3d 1343, 1351 (Fed.Cir.2003) (stating that a plaintiff must be in privity with the United States to have standing to sue the sovereign on a contract claim). "The effect of finding privity of contract between a party and the United States is to find a waiver of sovereign immunity." *Cienega Gardens v. United States,* 194 F.3d 1231,

1239 (Fed.Cir.1998). Further, privity of contract with the United States is an issue "of subject matter jurisdiction that cannot be conceded to by a party." *S. Cal. Fed. Sav. & Loan Ass'n v. United States,* 422 F.3d 1319, 1328 n. 3 (Fed.Cir.2005). When a plaintiff's claim is founded upon a contract, the parties to that contract must be the plaintiff and defendant. *See Silverman v. United States,* 230 Ct.Cl. 701, 679 F.2d 865, 870 (1982).

For this court to exercise jurisdiction over plaintiff's claim for breach of contract, plaintiff must assert that he was in privity of contract with the United States. The only purported contract plaintiff provides is the Copyright Notice, which was signed solely by plaintiff and seeks to contractually bind everyone. As noted above, while the court may grant a *pro se* plaintiff leniency in presenting his case, plaintiff is not relieved of satisfying jurisdictional requirements. Thus, because plaintiff fails to establish that he was in privity of contract with defendant, this court lacks jurisdiction over plaintiff's breach of contract claim.

### C. Copyright Infringement

Although not explicitly alleged, plaintiff's Complaint can be construed as asserting a copyright claim against the government. The Court of Federal Claims has exclusive jurisdiction to entertain copyright claims against the United States pursuant to 28 U.S.C. § 1498(b) (2000).

#### 1. The Copyright Act

■ The United States Constitution empowers Congress to "promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries...." U.S. Const. art. I, § 8, cl. 8. Pursuant to its constitutional authority, Congress passed, and the president signed into law, the Copyright Act of 1976 ("Copyright Act"), Pub.L. No. 94–553, 90 Stat. 2541 (codified as amended at 17 U.S.C. §§ 101–805, 1001–1205 (2000)). The Copyright Act provides copyright protection for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, ei-

ther directly or with the aid of a machine or device...." 17 U.S.C. § 102(a). A copyright in a work protected by the Copyright Act "vests initially in the author or authors of the work," *id.* § 201(a), except in the case of a work made for hire, *id.* § 201(b). To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying by the alleged infringer. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

Under the Copyright Act, a copyright owner cannot bring an action for infringement of a copyright until either the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright Office has refused to register the copyright. 17 U.S.C. § 411(a). The provisions of 17 U.S.C. § 411(a) are jurisdictional. *See Int'l Trade Mgmt., Inc. v. United States,* 553 F.Supp. 402, 403 (Cl.Ct.1982). However, the provisions of 17 U.S.C. § 411(a) have been interpreted in two different ways with respect to jurisdiction. One line of cases holds that 17 U.S.C. § 411(a) requires that a copyright owner actually register the copyright or receive an actual denial of registration prior to instituting suit. *See, e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1200–02, 1205 (10th Cir.2005); *Mays & Assocs. Inc. v. Euler,* 370 F.Supp.2d 362, 368–69 (D.Md.2005); *Loree Rodkin Mgmt. Corp. v. Ross–Simons, Inc.,* 315 F.Supp.2d 1053, 1055 (C.D.Cal.2004); *Gerig v. Krause Publ'ns, Inc.,* 33 F.Supp.2d 1304, 1306 (D.Kan.1999); *Int'l Trade Mgmt., Inc.,* 553 F.Supp. at 403. The other line of cases holds that only an application for copyright registration is required to bring suit. *See, e.g., Positive Black Talk Inc. v. Cash Money Records Inc.,* 394 F.3d 357, 365 (5th Cir. 2004); *Iconbazaar, L.L.C. v. Am. Online, Inc.,* 308 F.Supp.2d 630, 634 (M.D.N.C.2004); *Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.,* 81 F.Supp.2d 70, 72 (D.D.C.2000). None of these cases are binding on this court.[2]

Lacking any binding authority, this court must look to the statute itself to determine its meaning. The cardinal rule in interpreting a statute is that "courts must presume that a legislature says in a statute what it means and means in a statute what is says there." *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). A court begins its inquiry by examining the text of the statute. *Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). "Unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning" at the time Congress enacted the statute. *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979). When the statutory language is clear, a court's inquiry is complete. *Conn. Nat'l Bank,* 503 U.S. at 254, 112 S.Ct. 1146.

The relevant portion of 17 U.S.C. § 411(a) provides:

> [N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

As a condition to bringing suit, the plain language of the statute requires either the registration of the copyright or the Copyright Office's refusal to register the copyright. *See La Resolana Architects, PA,* 416 F.3d at 1200–01. Accordingly, the court holds that actual copyright registration, or the denial of copyright registration, is required prior to bringing suit for copyright infringement.

### 2. The Case *Sub Judice*

█ If the court construes plaintiff's Complaint as asserting copyright infringement of

2. While the Court of Federal Claims possesses the exclusive jurisdiction to entertain copyright infringement suits against the United States, 28 U.S.C. § 1498(b), the court encounters a limited number of copyright cases. Thus, binding precedent is scarce. Accordingly, the court, when necessary, looks to the nonbinding, but persuasive, case law from other circuits.

**132**

his name by the government, plaintiff must establish that the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright Office has refused to register the copyright. 17 U.S.C. § 411(a). Plaintiff has proffered no evidence of copyright registration nor the denial of copyright registration; plaintiff has not even asserted that he sought copyright registration in his Complaint or the attached documentation. Thus, this court lacks jurisdiction over any claims plaintiff might be asserting pursuant to 28 U.S.C. § 1498(b).

## IV. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's application to proceed *in forma pauperis* is DENIED.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The Clerk of the Court is directed to enter a judgment in favor of defendant.

The Clerk shall not accept any further filings from plaintiff without first consulting with the undersigned.

IT IS SO ORDERED.